IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:05-cv-01537-LJO-TAG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS MOOT |
| vs. | |
| A. K. SCRIBNER, | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN FIFTEEN DAYS |
| Respondent. | ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS DATED MAY 3, 2006 (Doc. 5) |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On December 10, 2003, Petitioner filed the instant petition in the United States District Court for the Central District of California. (Doc. 1). In his petition, Petitioner alleges various constitutional violations stemming from allegedly false disciplinary charges dated August 26, 2003, August 29, 2003, and September 5, 2003, as well as the hearing itself held on October 7, 2003, that resulted in the loss of good-time credits and a commensurate postponement of Petitioner's eventual release date. (Id.). Petitioner contends that prison employees falsely accused him of those disciplinary violations and that he was denied the right to appeal the hearing results. (Id.). On June 14, 2004, Respondent filed an answer to the petition. (Doc. 1-14). On November 15, 2004, the matter was ordered transferred from the Central District to this Court. (Doc. 2-23, 2-24). On December 2, 2005, the matter was transferred to this Court. (Docs. 1, 2). On May 3, 2006, the Court

1

issued Findings and Recommendations to dismiss the petition for failure to comply with the Court's order to pay the filing fee. (Doc. 5). On June 12, 2006, Petitioner paid the filing fee. (Docket entry dated June 12, 2006). On June 10, 2008, Petitioner advised the Court in a separate habeas case of his change of address to 566 S. San Pedro Street, #482, Los Angeles, California, and that change of address was noted on the docket in this case. (Doc. 15).

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373 (1983); Defunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704 (1974)(a court has no power to decide cases that do not affect the rights of the litigants in the case); NAACP, Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181 (1984).

With respect to habeas petitions, "[s]ome collateral consequence of the conviction must exist, however, in order for the suit to be maintained." Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), cert. denied 539 U.S. 933 (citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978 (1998)). The federal courts are "without power to decide questions that cannot affect the rights of the litigants in the cases before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402 (1971). As the Supreme Court has noted, "[c]ollateral review of a final judgment is not an endeavor to be undertaken lightly. It is not warranted absent a showing that the complainant suffers actual harm from the judgment that he seeks to avoid." Lane v. Williams, 455 U.S. 624, 632, fn. 13, 102 S. Ct. 1322 (1982). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70; NAACP, Western Region, 743 F.2d at 1353.

Here, it is apparent from Petitioner's change of address to a non-prison facility that he has either been released on parole or otherwise has completed his sentence. Either way, a habeas petition premised upon a denial of due process in a prison disciplinary proceeding becomes moot

1  upon the release of the petitioner after having served his sentence.  <u>Nonnette v. Small</u>, 316 F.3d 872,
2  875-876.  In <u>Nonnette</u>, a parolee sued state prison officials under 42 U.S.C. § 1983, alleging that they
3  violated his constitutional rights by revoking good-time credits and imposing administrative
4  segregation in disciplinary proceedings without supporting evidence.  The district court granted
5  summary judgment on Nonnette's civil rights complaint, citing <u>Heck v. Humphrey</u>, 512 U.S. 477,
6  114 S.Ct. 2364 (1994), which holds that before an inmate can maintain a civil rights complaint that
7  necessarily challenges the validity of the underlying decisions that caused the inmate's continued
8  confinement, he must first show that those determinations have been set aside in a successful habeas
9  corpus petition.

10  The Ninth Circuit reversed the district court, holding that Nonnette did not need to first file a
11  habeas corpus petition since such a petition would not satisfy the case or controversy requirement of
12  Article III:

> "After the district court entered its decision, Nonnette was released from the incarceration of which he complains, and is now on parole.  Were he to seek a writ of habeas corpus, his petition would present no case or controversy because establishing the invalidity of his disciplinary proceeding could have no effect on the 360 days of additional incarceration or the 100 days of administrative segregation that resulted from it.  Nor could such relief have any effect on the term of his parole.  As a consequence, his petition for habeas corpus would have to be dismissed as moot."

17  <u>Nonnette</u>, 316 F.3d at 875-876.
18  In <u>Spencer v. Kemna</u>, the United States Supreme Court held that, although a prisoner who
19  has completed his sentence can challenge his conviction in habeas corpus because of the collateral
20  consequences of that conviction that survive his release, no such collateral consequences attended
21  the prisoner's incarceration imposed for violation of parole.  <u>Spencer</u>, 523 U.S. at 14-16.
22  Accordingly, the prisoner's petition was moot because he had served the term of incarceration
23  resulting from his parole revocation.  <u>Spencer</u>, 523 U.S. at 18.
24  Based on this reasoning, the <u>Nonnette</u> court concluded as follows:

> "We see no relevant distinction between the collateral consequences attending parole revocation and those attending Nonnette's deprivation of good-time credits.  We are satisfied, therefore, that if he now filed a petition for habeas corpus attacking the revocation of his good-time credits and the imposition of administrative segregation (as well as the administrative calculation of his release date), his petition would have to be dismissed for

28

3

lack of a case or controversy because he has fully served the period of incarceration that he is attacking."

Nonnette, 316 F.3d at 876.

The reasoning in Nonnette is dispositive in this case. Petitioner's habeas petition challenged only the fairness of his disciplinary hearings that resulted in the loss of good-time credits, as well as conduct by prison employees that allegedly affected Petitioner's ability to obtain a fair hearing on those disciplinary charges. At the time he filed the petition in 2004 in the Central District of California, Petitioner was incarcerated and serving his sentence. Therefore, the petition alleged a case or controversy over which the Court had jurisdiction.

However, upon the expiration of his sentence and Petitioner's subsequent release on parole, any claim regarding the restoration of good-time credits lost at a disciplinary hearing became moot, since that issue has no bearing on the length of Petitioner's term of parole or, indeed, on whether such a term is served without incident or whether Petitioner commits a violation of parole that results in his re-incarceration. Accordingly, there is no further relief which the Court can afford to Petitioner, there is no case or controversy under Article III, and hence the claims in the petition are moot. Nonnette, 316 F.3d at 875-876; see Iron Arrow, 464 U.S. at 70.

**ORDER**

It is HEREBY ORDERED that the Findings and Recommendations issued May 3, 2006 (Doc. 5), are WITHDRAWN.

**RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS that the instant petition for writ of habeas corpus be dismissed as MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days

1  (plus three if served by mail) after service of the objections.  The District Judge will then review the
2  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure
3  to file objections within the specified time may waive the right to appeal the District Judge's order.
4  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  Dated:  **June 19, 2008**                              /s/ Theresa A. Goldner
                                                        UNITED STATES MAGISTRATE JUDGE

5